# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| George Crable<br>60 Feathers Ave.<br>Uniontown, PA 15401<br><br>And<br><br>Myrna Crable<br>60 Feathers Ave.<br>Uniontown, PA 15401<br><br>    Plaintiff,<br><br>v.<br><br>National Asset Recovery Services, Inc.<br>16253 Swingley Ridge Road<br>St. Louis, MO 63017<br><br>    Defendant. | Case No.<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff George Crable ("George") is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. George incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff Myrna Crable ("Myrna") is George's lawful spouse.

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

1

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. On or around December 22, 2009, Plaintiffs retained an attorney to file bankruptcy.

9. On or around April 12, 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment and spoke to Plaintiff's coworker ("Coworker").

10. During this communication, Coworker notified Defendant that Defendant was calling a place of employment and that Myrna was not allowed to receive Defendant's telephone calls at Myrna's place of employment.

11. Despite this notice, Defendant telephoned Myrna at Myrna's place of employment several times thereafter.

12. On or around April 16, 2010, Defendant telephoned Plaintiffs residence and spoke with Plaintiffs' daughter ("Daughter").

13. During this communication, Daughter notified Defendant that Plaintiffs were represented by a bankruptcy attorney and provided Plaintiffs' attorney's contact information.

14. Despite this notice, Defendant telephoned Plaintiffs residence at least one more time thereafter.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

17. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c by calling Myrna at Myrna's place of employment after Defendant knew or had reason to know that Myrna's employer prohibited Myrna from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c by calling Plaintiffs at a time and/or place known to be inconvenient for Plaintiffs.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiffs notwithstanding Plaintiffs' notice that Plaintiffs were represented by an attorney.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiffs and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## **JURY DEMAND**

27. Plaintiffs demand a trial by jury.

## **PRAYER FOR RELIEF**

28. Plaintiffs pray for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:*/s/ Richard J. Meier*
Richard J. Meier, Esq.
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
*Attorney for Plaintiff*